**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

MARIA PIZARRO-OSORIO

Plaintiff

v.

COMMISSIONER OF SOCIAL SECURITY

Defendant

**CIVIL  NO. 08-1404 (GAG)**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits from March 25, 1995 to December 31, 2000, date in which she last met insured status.  Upon review of the administrative record the court concludes that the Commissioner's decision is not supported by substantial evidence, hence must be vacated.

Plaintiff filed the present claim for disability benefits on May 25, 2004, alleging disability benefits as of March 25, 1995.  Previously, she filed another claim on November 25, 1995, claiming the same date of disability.  This claim was denied by an administrative law judge ("ALJ") on August 26, 1997, and subsequently by the Appeals Council on April 6, 1999. (Tr. 23).

In regards to the present claim, the ALJ found that plaintiff had a "severe combination of impairments: bronchial asthma, and an affective disorder". (Tr. 25).  He also found that said impairment and symptoms "have more than minimal effect on the claimant's ability to perform basic work related activities.  Therefore, they constitute "severe impairments"." (Tr. 25).  The ALJ then went on to conclude that "the claimant had the residual functional capacity to work in a clear environment involving the lifting of up to ten (10) pounds frequently and up to twenty (20) pounds occasionally, sit for six (6) hours, during an 8-hour workday, and walk up to six (6) hours, during an 8-hour workday." (Tr. 26).  The ALJ also noted that plaintiff was diagnosed with major depressive disorder; however, said evidence post-dated the last insured date of December 31, 2000. (Tr. 27).

**Civil 08-1404 (GAG)**                                2

The commissioner in his memorandum of law (Dtk12 at page 9) notes that on January 29, 1996 a Disability Determination Services physician reviewed plaintiff's medical records on behalf of the agency and completed a physical RFC assessment (Tr. 81-85). <u>This is the only physical RFC assessment of record</u>. In the same, contrary to the ALJ's determination that a severe impairment was present, Dr. Lorena Díaz Trancón determined that <u>plaintiff had no exertional limitations</u>. (Tr. 82). The ALJ, thus must have either (i) discredited Dr. Díaz Trancón's medical determination, or (ii) seen other more favorable evidence of disability. Notwithstanding, the ALJ, as a lay fact-finder, was not at liberty to determine plaintiff's RFC as he did, without a proper medical basis in the record. <u>Rivera-Torres v. S.H.H.S.</u>, 837 F. 2d 47 (1st Cir. 1988). Here, no medical expert (examining or non-examining) has reached the same RFC determination as the ALJ.[1]

This case accordingly must be REMANDED to the Commissioner for further proceedings. Specifically, the ALJ must properly determine plaintiff's RFC between the dates object of this judicial review claim. The ALJ's final RFC determination must be based on a medical evidence of record, that is, a proper RFC finding, physical and/or mental,[2] by a medical expert.

**SO ORDERED.**

In San Juan, Puerto Rico this 23rd day of December, 2008.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge

---

[1] The ALJ correctly noted that on June 16, 1996 the Commonwealth State Insurance Fund granted plaintiff total disability. (Tr. 26, 305). The state agency documents, however, do not provide a RFC determination which could in fact support the ALJ's exact conclusion.

[2] The Court notes that on June 26, 1996 Dr. Enrique Vassallo personally evaluated plaintiff, completed a psychiatric evaluation and diagnosed her with a dysthymic disorder (Tr. 108-111). The ALJ, however, does not mention this in his decision, only noting that a diagnosis of major disorder was not reached until after December 31, 2000 (Tr. 27).